

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES MCDANIEL                              CIVIL ACTION

versus                                      NO: 00-0027

DIAMOND OFFSHORE DRILLING, INC.             SECTION "R" MAG. 4
AND CANDY FLEET CORPORATION

## MOTION FOR EXPEDITED HEARING ON
## MOTION TO QUASH

Plaintiff, James McDaniel, moves this Honorable Court for an

Order expediting the hearing of the attached Motion to Quash

Records Deposition of Diamond Offshore Drilling, Inc. on the

basis that a Pre-Trial Conference is set in this matter for

November 15, 2001, at 10:00 a.m. before this Honorable Court and

that it would be appropriate to dispose of the Motion at the Pre-

Trial Conference.

                              Respectfully submitted:

                              DAVID A. HILLEREN (6921)
                              Post Office Box 9150
                              Mandeville, Louisiana   70470
                              Telephone: (985) 893-5959
                              Attorney for James McDaniel

DATE OF ENTRY

NOV 1 6 2001

___Fee_____
___Process____
_X_ Dktd_____
___CtRmDep___
   Doc.No._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MCDANIEL                                CIVIL ACTION

versus                                        NO: 00-0027

DIAMOND OFFSHORE DRILLING, INC.               SECTION "R" MAG. 4
AND CANDY FLEET CORPORATION

### ORDER

Considering the above and foregoing:

IT IS ORDERED that the *EXPEDITED* hearing on plaintiff's Motion to Quash Deposition of Diamond Offshore Drilling, Inc. be and is hereby set for hearing at the Pre-Trial Conference on November 15, 2001, at 10:00 a.m.

New Orleans, Louisiana, this 15th day of November, 2001.

UNITED STATES DISTRICT JUDGE
MAGISTRATE

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record herein by mailing same by United States Mail, properly addressed and first class postage prepaid, on November 6, 2001.

DAVID A. HILLEREN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES MCDANIEL                                     CIVIL ACTION

versus                                             NO: 00-0027

DIAMOND OFFSHORE DRILLING, INC.                    SECTION "R" MAG. 4
AND CANDY FLEET CORPORATION

## CERTIFICATE

Pursuant to Local Rule 37.1E, plaintiff noticed a conference
to discuss plaintiff's Motion to Quash Records Deposition of
Diamond Offshore Drilling, Inc. for November 6, 2001, at 11:00
a.m. by telephone.  On November 7, 2001, counsel conferred and
were unable to resolve the issue which is the subject of the
Motion.

                          Respectfully submitted:


                          _____
                          DAVID A. HILLEREN (6921)
                          Post Office Box 9150
                          Mandeville, Louisiana   70470
                          Telephone: (985) 893-5959
                          Attorney for James McDaniel

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES MCDANIEL                                    CIVIL ACTION

versus                                            NO: 00-0027

DIAMOND OFFSHORE DRILLING, INC.                   SECTION "R" MAG. 4
AND CANDY FLEET CORPORATION

### MOTION TO QUASH RECORDS DEPOSITION OF
### DIAMOND OFFSHORE DRILLING, INC.

Plaintiff, James McDaniel, moves this Honorable Court for an

Order quashing the records deposition of Diamond Offshore

Drilling, Inc. (a former defendant) scheduled for November 16,

2001, at 10:00 a.m. on the basis that it is untimely, and will

potentially prejudice the plaintiff in the presentation of his

case set for trial on December 3, 2001.  Further, Diamond

Offshore Drilling, Inc. has filed an objection to producing the

records called for at the deposition on the basis that the

subpoena issued in connection with the deposition requests

information that is confidential and proprietary in nature, as

well as being trial preparation material.  Finally, discovery of

the tapes is not required where the party to whom they belong

_____Fee_____
_____Process_____
__X__Dktd_____
____CtRmDep_____
_____Doc.No._____

will not use them at the trial.

Respectfully submitted:

*DAVID A. HILLEREN (6921)*
Post Office Box 9150
Mandeville, Louisiana   70470
Telephone: (985) 893-5959
Attorney for James McDaniel

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record herein by mailing same by United States Mail, properly addressed and first class postage prepaid, on November 1, 2001.

DAVID A. HILLEREN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MCDANIEL                          CIVIL ACTION

versus                                  NO: 00-0027

DIAMOND OFFSHORE DRILLING, INC.         SECTION "R" MAG. 4
AND CANDY FLEET CORPORATION

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH RECORDS DEPOSITION OF**
**DIAMOND OFFSHORE DRILLING, INC.**

MAY IT PLEASE THE COURT:

Defendant, Candy Fleet Corporation, has noticed the

deposition of a former defendant, Diamond Offshore Drilling,

Inc., and has issued a subpoena in connection therewith to obtain

videotapes and/or photographs depicting the plaintiff and his

activities.  Neither counsel for Candy Fleet Corporation nor

undersigned counsel have seen the surveillance films or pictures

called for by the subpoena.  According to defense counsel's

recent conversation with undersigned counsel, the films may have

been in existence for approximately two years at this point.

Inasmuch as this case is set for trial on December 3, 2001, the

introduction of surveillance films at this point is untimely and

has a potential to prejudice plaintiff in the presentation of his

case.

Furthermore, counsel for Diamond Offshore Drilling, Inc., a former defendant in this matter, dismissed with prejudice, has filed an objection to the subpoena and Notice of Records Deposition pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure on the basis that the material sought is confidential and proprietary in nature and that it also has been prepared in anticipation of trial. Therefore, even if the records deposition were timely and were not prejudicial to the plaintiff, the material sought would not be discoverable.

Defendant, under FRCP Rule 26(b)(3), would be required to demonstrate "a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case, and that the party is, without undue hardship, unable to obtain the substantial equivalent of the materials by other means." Certainly this showing has not been fulfilled by the defendant inasmuch as neither party to this action knows what is contained in such surveillance tapes. To allow defendant to obtain these tapes at this late stage would open a Pandora's box of consequences. For instance, plaintiff would not have the opportunity to counteract the potential effect of the tape by having it examined for accuracy and reliability.

Finally, although the case of Chiasson v. Zapata Marine Corporation, 988 F.2d 513 (5th Cir. 1993) ruled that a plaintiff who sought a surveillance tape in discovery was entitled to production of the tape by the defendant, the present case does not involve the same situation. In the matter at bar, the

defendant is attempting to obtain the surveillance tape of the plaintiff made by a former defendant who has been dismissed with prejudice.  Unlike <u>Chiasson,</u> Diamond Offshore has no intention to use the tape at trial.  Where a surveillance tape will not be used at the trial, it is not discoverable.  <u>Gibson v. National Railroad Passenger Corp.</u>, 170 FRD 408 (E.D. Pa. 1997), <u>Romero v. Chiles Offshore Corp.</u> 140 FRD 336 (W.D. La. 1992), <u>Snead v. American Export-Isbrandtsen Lines</u>, 59 FRD 148 (E.D. Pa. 1973).

In summary, it is submitted that the defendant's Notice of Records Deposition of Diamond Offshore Drilling, Inc. should be quashed.  The surveillance films sought are part of the trial preparation material of a former defendant, and the advent of surveillance tapes at this point in the proceeding has the potential to prejudice the plaintiff and disrupt the scheduled trial.  Finally, since Diamond Offshore Drilling, Inc. has no intention of using the tapes at trial, they are not discoverable under <u>Chiasson</u> <u>supra</u>.

Respectfully submitted:

DAVID A. HILLEREN (6921)
Post Office Box 9150
Mandeville, Louisiana 70470
Telephone: (985) 893-5959
Attorney for James McDaniel

## CERTIFICATE OF SERVICE

     I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record herein by mailing same by United States Mail, properly addressed and first class postage prepaid, on this November 1, 2001.


                                   _____
                                   DAVID A. HILLEREN